UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Dennis Smith,** | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | CIVIL ACTION NO. H-03-5700 |
| | § | |
| **Performance Food Group, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

On August 18, 2005, this Court granted summary judgment in favor of Defendant and dismissed with prejudice all of Plaintiff's claims. Plaintiff now moves to alter or amend that judgment and for a new trial. After considering the parties' filings and the applicable law, the Court finds that Plaintiff's motions, Docket Nos. 44 and 45, should be and hereby are **DENIED**.

First, Plaintiff's motion for a new trial is not well taken, since no trial ever took place in this case. The appropriate method for challenging a grant of summary judgment is a motion to alter or amend the judgment. Plaintiff's motion for a new trial is, therefore, **DENIED**.

Plaintiff also moves to alter or amend the judgment, on the ground of misrepresentation by counsel. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), and "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Plaintiff has not alleged any legal or factual error in the Court's grant of summary judgment, nor has he pointed to new

evidence that might lead this Court to reach a different conclusion regarding the merits of his employment discrimination claims. His motion to alter or amend the judgment is therefore **DENIED**.

Plaintiff, who is proceeding *pro se*, may have intended to move the Court for relief from judgment rather than to alter or amend the judgment. The Court may grant such a motion "for any . . . reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6)'s catch-all provision is inapplicable, however, "when attorney negligence is at issue." *Easley v. Kirmsee*, 382 F.3d 693, 699 n.5 (7th Cir. 2004); *see also Kaercher v. Trustees of Health*, 834 F.2d 31 (1st Cir. 1987) (affirming a district court's denial of a motion for relief from judgment based upon attorney negligence). As the Supreme Court has noted, "[t]here is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Plaintiff, who freely chose his attorneys, must take responsibility for their actions on his behalf. His dissatisfaction with the outcome of their efforts does not warrant relief from a judgment the substantive correctness of which he does not challenge. Plaintiff's motion for relief from judgment, in the event that he intended to make such a motion, is therefore **DENIED**.

The foregoing having been said, the Court is always concerned when tensions arise between attorney and client. Plaintiff certainly has the right, and may wish to take the opportunity, to meet with his former attorney and to discuss and seek to resolve the differences that have arisen.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**